By the Court.
The act of October 24, 1890, creating a board of city affairs for cities of the first grade of the first class, is, in the opinion of a majority of the court, a special one applicable only to the city of Cincinnati, and could not, without a change in legislation, apply to any other city in the state; for the reason that the statute requires the bond of each member of the board to be approved by the judges of the superior court. The Superior Court of Cincinnati was created by a special act of the legislature passed in 1854. It was created specially for that city; and the provisions of the act, in their special form, were carried into and made a part of the Revised Statutes, S. & C. 388; § 482 Revised Statutes. No other city in the state has, nor can .have under existing legislation, a superior court. So that Cincinnati is the only city of the first grade of the first class, or of any other grade or class, that can adapt itself to the provisions of the act creating this board; and is, therefore, as certainly identified as the city, and the only city, for which the statute was adopted, as if it had been designated by name; and the act is, therefore, a special act. State v. Pugh, 43 Ohio St. 98. But it is claimed that the special provision for the approval of the bonds may be disregarded, and the general statute upon the subject, § 1738, Revised Statutes, adopted. But this is contrary to the established rule of construction, that the special provisions of a statute must prevail over general ones on the same subject. Nor would this obviate the objection, that this special provision identifies the city for which the legislation was intended. It is also argued that if this act be special for the reason stated, then the act creating the Board of Public Improvements is, for a similar reason, a special one, because it was there provided that the Board of Public Improvements should be the successor of the Board *218 of Public Affairs, abolished by the act creating the Board of Public Improvements, and that Cincinnati was the only city which, at that time, had Such a board as the one abolished. This is true; but it was not the oifly city, that, without any change in legislation, could have had a Board of Public Affairs. Any city with a population of 200,000 and over, is eligible to be a city of the first grade of the first class, and may become such by taking the steps provided by statute. State v. Wall et al., 47 Ohio St. 499. Thus it will he observed that Cleveland could have entered the grade and class to which Cincinnati belongs, at any time, by complying with the provisions of the statute on the subject. And it is the possibility that other cities may enter a certain grade of a class, and not the certainty that they will, that gives to a law creating the grade a general character. State v. City of Toledo, decided at the present term.
And that the act attempts to confer corporate power, is, as'we think, fully settled by the previous decisions of this court. State v. Anderson, 44 Ohio St. 247. It confers on the city power to have a certain board, as part of its municipal government, that is itself clothed with the most extensive and important powers. Section 2231, Revised Statutes, as amended by the act of October 24,1890.
The act then being a special one, conferring corporate power is, as we think, clearly within the provision of the constitution inhibiting such legislation, and must be declared invalid. And this we do with a full knowledge of the rule on the subject, that no act should be declared invalid by the courts, unless clearly convinced that it is in conflict with the constitution.
It must be conceded that the method of classifying cities for the purpose of legislation, has been carried to the very verge of constitutional authority. Many conscientious minds believe that it has been exceeded. We have heretofore expressed our doubts upon the subject, but feel bound by the previous decisions of the court, (State v. Wall supra,) and 'are disposed to sustain any laws falling within the principle of those decisions; but are unwilling to go beyond them, and *219 sanction legislation conferring corporate power, that is plainly and palpably special in character.
We see no other valid objection to the law. And as the act itself is invalid, the repealing clause must also be held inoperative, as we cannot suppose that the legislature would have repealed the act creating the Board of City Improvements, without providing any substitute therefor.

Judgment reversed, and judgment of ouster and induction.

Williams, C. J., and Dickman, J., dissent.